## SHOCKLEY *v.* THE STATE.

EVANS, J. 1. Inasmuch as the trial judge fully and fairly presented to the jury the defense of the accused that he was justified in shooting at the prosecutor, the accused has no just cause of complaint that the judge, in submitting the contention of the State that the shooting was not done in self-defense, informed the jury that if the accused acted under the influence of irresistible passion produced by an assault made upon him by the prosecutor, the offense could have been only voluntary manslaughter had death ensued, and therefore the accused should not be found guilty of any higher offense than that of shooting at another.

2. In charging the jury as to the intent which characterizes murder, the court did not use any language which tended to express an opinion that there were no circumstances that would mitigate or justify the shooting, though the court did fall into the error of instructing the jury that should they find the accused would have been guilty of murder had the prosecutor died, the accused should be convicted of assault with intent to murder. His intent was a question of fact for the jury to decide. *Adams* v. *State,* ante, 11. But this error was harmless, since the jury returned a verdict of shooting at another, which was well warranted by the evidence, and exonerated the accused of the charge of assault with intent to murder.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted May 23,—Decided July 3, 1906.

Indictment for assault with intent to murder. Before Judge Wright. Floyd superior court. March 14, 1906.

*M. B. Eubanks,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.